UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
03 JUL 21 PM 1: 17

| | |
|---|---|
| PANAYIOTIS DIAMANTIS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | Civil Action No.: CV-03-S-312-W |
| ) | |
| ROBERT P. REYNOLDS, in his ) | |
| capacity as Chapter 11 Trustee of the ) | |
| Bankruptcy Estate of Panayiotis ) | |
| Diamantis, and PURITAN LACE ) | |
| MANUFACTURING CO. ) | |
| ) | |
| Appellees. ) | |

## MEMORANDUM OPINION

Pro se appellant Panayiotis Diamantis appeals the order entered by the United States Bankruptcy Court for the Northern District of Alabama on September 23, 2002, concluding that Robert P. Reynolds, as Trustee of the Bankruptcy Estate of Mr. Diamantis, was vested with all voting rights possessed by appellant by virtue of his membership interest in Perfect Home, L.L.C. Appellant also appeals from the order entered on October 18, 2002, denying the motion for new trial or to alter or amend judgment. Appellees have filed a joint motion to dismiss the appeal as moot.[1] Appellees also have filed a joint motion to supplement the record on appeal,[2] as well as separate motions to file a reply or response to appellant's response to the joint motion to dismiss appeal as moot.[3]

This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a). Upon

---

[1] *See* doc. no. 8.
[2] *See* doc. no. 9.
[3] *See* Motion for Leave to File Reply Memorandum (doc. no. 12) and Motion for Leave to File Response (doc. no. 13).

consideration of the record, pleadings, and briefs of the parties, this court concludes that the motion to dismiss the appeal as moot should be denied, and, that the judgment of the bankruptcy court should be affirmed. The court further concludes that appellees' Joint Motion to Supplement the Record on Appeal (doc. no. 9) should be granted. Puritan Lace Manufacturing Company's motion for leave to file reply memorandum (doc. no. 12) also will be granted, as will Robert P. Reynolds's motion for leave to file a response (doc. no. 13).

## I. STANDARD OF REVIEW

A district court assumes the role of an appellate court when reviewing the decision of a bankruptcy court. *See* 28 U.S.C. § 158(a). A bankruptcy court's findings of fact must be upheld on appeal unless deemed clearly erroneous. *See* Bankr. R. 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647, 651 (11th Cir. 1986). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948). Further, determinations of law are reviewed under a *de novo* standard of review. *See In re Kalter*, 292 F.3d 1350, 1352 (11th Cir. 2002).

## II. FACTUAL BACKGROUND

The court adopts the factual statement of appellees, which is undisputed,[4] as set forth in the Affidavit of Robert P. Reynolds, Trustee ("Reynolds" or "Trustee"),[5] in support of their motion to dismiss the appeal (doc. no. 8), and the statement of the case and facts as set forth in the Brief of Appellees Reynolds and Puritan Lace Manufacturing Company ("Puritan"), to the extent they are in conformity with the Joint Stipulation of Facts filed with the bankruptcy court in the underlying

---

[4]*See* Response in Opposition to Joint Motion to Dismiss Appeal (doc. no. 11).

[5]*See* Joint Motion to Supplement Record on Appeal (doc. no. 9).

adversary proceeding.[6]

Appellee Reynolds is the duly appointed chapter 11 trustee of the bankruptcy estate of appellant by virtue of his appointment by the bankruptcy court on June 8, 2000.[7] Appellant is the debtor in the underlying bankruptcy case and is the owner of a 75% interest in Perfect Home, L.L.C. ("Perfect Home").[8] Dimitrious Diamantis is the brother of appellant, and is the owner of a 25% ownership interest in Perfect Home.[9] Jacquard Lace Company, Inc., is believed to be an inactive or otherwise dissolved Alabama corporation which originally owned 1% of Perfect Home, which ownership interest is now vested in the bankruptcy estate of appellant.[10]

Perfect Home is an Alabama limited liability company doing business in Huntsville, Madison County, Alabama.[11] The company was formed on January 24, 1995, consistent with its Articles of Organization.[12] The business of Perfect Home is conducted pursuant to the Operating Agreement dated January 24, 1995.[13] Appellant was the manager of Perfect Home under the Operating Agreement.[14] Appellant filed a voluntary petition for relief under chapter 11 of the bankruptcy code on January 21, 2000.[15] By order entered June 24, 2000, the bankruptcy court authorized the assumption by appellant of the Operating Agreement, provided that no administrative expense claim

---

[6] The court further adopts and relies upon facts as provided in the attachments to the joint motion to supplement the record on appeal (doc. no. 9) which is granted under separate order.
[7] Joint Stipulation of Facts ¶ 1.
[8] *Id.* at ¶ 2.
[9] *Id.* at ¶ 3.
[10] *Id.* at ¶ 4.
[11] *Id.* at ¶ 5.
[12] *Id.* at ¶ 6.
[13] *Id.* at ¶ 7.
[14] *Id.* at ¶ 8.
[15] *Id.* at ¶ 9.

could be asserted against appellant's estate by subsequent rejection, breach, or nonperformance.[16] The only material asset subject to further administration by the Trustee is the interest of appellant in Perfect Home.[17]

Appellee Trustee filed an adversary proceeding on February 25, 2002, seeking a declaratory judgment that the Trustee possesses the legal right to exercise the appellant's membership rights, including his voting rights, under the provisions of the Operating Agreement of Perfect Home.[18] Appellee Puritan filed a motion to intervene, which was granted by the bankruptcy court.[19] The parties filed cross-motions for summary judgment, and the bankruptcy court ruled that appellant's full 75% membership rights in Perfect Home, including the power to vote under the Operating Agreement, were property of the appellant's bankruptcy estate.[20] Appellant filed a motion for new trial or to alter or amend judgment or, in the alternative, to seek a final judgment under Fed.R.Civ.P. 54(b).[21] The bankruptcy court denied the motion for new trial and to alter or amend judgment.[22] The bankruptcy court certified the judgment as final under Rule 54(b) with the consent of the parties.[23] Appellant filed a notice of appeal from the bankruptcy court's ruling in the adversary proceeding on October 28, 2002.[24]

The Confirmation Order with respect to the bankruptcy proceeding of appellant was entered

---

[16]*Id.* at ¶ 10.
[17]*Id.* at ¶ 11.
[18]Record on Appeal, Folder II, Document # 1 (hereinafter references to the record will be abbreviated, *i.e.* ROA II:1).
[19]ROA II:7 and 12.
[20]ROA I:1(Memorandum of Decision) and 2 (Order).
[21]ROA I:3.
[22]ROA I:5.
[23]*Id.*
[24]ROA I:6.

4

by the bankruptcy court on February 10, 2003.[25] A creditor, Michalis Diamantis,[26] an insider under section 101 of the bankruptcy code, filed a motion for clarification of the Confirmation Order on February 19, 2003. A hearing was held on March 25, 2003, whereby the motion for clarification was overruled by the bankruptcy court. An order denying the motion for clarification was entered on March 27, 2003.[27]

More than ten days have transpired since the entry of the order denying motion for clarification, and the previously entered Confirmation Order accordingly is final and non-appealable. *See* Bankr. R. 8002(a). Appellant did not object to the confirmation of the plan of liquidation as set forth in Paragraph 4 of the Confirmation Order. Appellant did not file a notice of appeal from the Confirmation Order, and did not obtain a stay pending appeal of the September 23 and October 18, 2002 Orders.

Under Article IX D(13) of the plan of liquidation, the Trustee is empowered to exercise any and all financial, economic, management, and other rights of the Debtor of the Estate in Perfect Home, which include: (i) elect and remove a manager; (ii) call meeting of the members and waive notice thereof; (iii) attend meetings of members and vote at such meetings; and (iv) approve the sale or other disposition of some or all of Perfect Home's property.[28] The Trustee, consistent with the confirmation of the Plan of liquidation, called a special meeting of Perfect Home, during which appellant was terminated as manager and the Trustee was elected the new manager.[29]

---

[25] Confirmation Order (Exhibit A) attached to Affidavit of Robert P. Reynolds, Trustee, attached as Exhibit A to Joint Motion to Supplement Record on Appeal (doc. no. 9).

[26] The relationship of Michalis Diamantis to appellant is not apparent from the record on appeal.

[27] Order (Exhibit B) attached to Affidavit of Robert P. Reynolds, Trustee, attached as Exhibit A to Joint Motion to Supplement Record on Appeal (doc. no. 9).

[28] Plan of Liquidation (Exhibit C) at 22 attached to Affidavit of Robert P. Reynolds, Trustee, attached as Exhibit A to Joint Motion to Supplement Record on Appeal (doc. no. 9).

[29] Exhibit A, ¶ 12, attached to Join Motion to Supplement Appeal (doc. no. 9).

As manager of Perfect Home, the Trustee was authorized to refinance obligations of Perfect Home, to enter into consulting agreements to facilitate the sale of the assets of Perfect Home, and to proceed with the sale or other disposition of all or substantially all of the property of Perfect Home.[30] After the meeting, the Trustee employed consultants, listed the real property of Perfect Home for sale, and has either sold or entered into contracts for the sale of portions of the personal property of Perfect Home.[31]

### III. DISCUSSION

#### A. Motion to Dismiss Appeal as Moot

Appellees filed a joint motion to dismiss the appeal as moot, arguing that the plan has been substantially consummated. According to appellees, the appeal is moot because it is impossible for the court to grant effective relief once the plan has been substantially consummated. *See, e.g., Miami Center Limited Partnership v. Bank of New York*, 820 F.2d 376, 379 (11th Cir. 1987), *cert. denied*, 488 U.S. 823, 109 S. Ct. 69, 102 L. Ed. 2d 46 (1988). Substantial consummation is defined as: (A) transfer of all, or substantially all, of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all, or substantially all, of the property dealt with by the plan; and (C) commencement of distribution under the plan. 11 U.S.C. § 1101(2). Appellees point to the following facts to show the plan has been substantially consummated: Appellee Trustee called a special meeting of Perfect Home whereby appellant was terminated as manager and the Trustee was elected the new manager. Further, appellee Trustee employed consultants, has listed the real property of Perfect Home for sale, and has sold and entered into contracts for the sale of portions of

---

[30] *Id.* at ¶ 13.
[31] *Id.* at ¶¶ 14,15.

6

the personal property of Perfect Home, LLC.

Appellant points out that the Trustee has not commenced making any distributions under the confirmed plan of liquidation; thus, substantial consummation has not occurred. Appellant further is correct in arguing that his failure to obtain a stay of enforcement of the order appealed from or of the confirmed plan does not render this appeal moot. *See In re Seidler*, 44 F.3d 945, 948-49 (11th Cir. 1995) (finding that, as long as relief is still available to appellants, the appeal continues to be justiciable). Although the plan has been confirmed and the Trustee has listed the real property of Perfect Home for sale, and has sold and entered into contracts for the sale of portions of the personal property of Perfect Home, the court cannot say that no relief is available to appellant should he prevail on the merits. Thus, the motion to dismiss the appeal as moot is due to be denied.

**B.    Res Judicata**

Subsumed within the argument that the appeal is moot, Reynolds argues that the doctrine of res judicata applies to bar the appeal.[32] Appellees must meet four requirements for res judicata to apply: (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) with substantial identity of parties, and (4) with the same cause of action presented in both cases. *See In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir.), *cert. denied, Wallis v. Justice Oaks II, Ltd.*, 498 U.S. 959, 111 S. Ct. 387, 112 L. Ed. 2d 398 (1990). These four requirements are satisfied.

The bankruptcy court's order confirming the plan of liquidation serves as a final judgment on the merits. *See Stoll v. Gottlieb*, 305 U.S. 165, 170-71, 59 S. Ct. 134, 137, 83 L. Ed. 104 (1938). The order confirming the plan was entered by a court of competent jurisdiction.[33] The parties to the

---

[32]*See* Brief of Appellee, Robert P. Reynolds, Trustee at 17-18 (doc. no. 7). The doctrines of mootness and res judicata are distinct, and the court will address them separately.

[33]*See* Confirmation Order (Exhibit A) attached to Affidavit of Robert P. Reynolds, Trustee, attached as Exhibit A to Joint Motion to Supplement Record on Appeal (doc. no. 9).

confirmation of the plan are identical to the parties to this appeal. Finally, the very issue being litigated in this appeal was authorized by the plan of liquidation.[34] Appellant's failure to object to and appeal from the order confirming the plan is fatal to this appeal. *See In re Justice Oaks II, Ltd.*, 898 F.2d at 1552; *see also Varat Enterprises, Inc. v. Nelson, Mullins, Riley and Scarborough*, 81 F.3d 1310 (4th Cir. 1996); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir. 1987); *Marine Midland Business Loans, Inc. v. Miami Trucolor Offset Service Co.*, 217 B.R. 341 (S.D. Fla. 1998).

Accordingly, the judgment of the bankruptcy court is affirmed. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 21st day of July, 2003.

_____
United States District Judge

---

[34] *See* Article IX D(13) Plan of Liquidation (Exhibit C) at 22 attached to Affidavit of Robert P. Reynolds, Trustee, attached as Exhibit A to Joint Motion to Supplement Record on Appeal (doc. no. 9).